[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION TO CORRECT FINDING AND/OR TO REARGUE DECISION
Pursuant to the Rules of the Court Sections 11-11 and 11-12, the plaintiff in the above entitled action requests the Court to make a correction in the calculation of the Attorney's Fees awarded in this case on December 28, 2000. The plaintiff asserts that Plaintiff's Exhibit F was mistakenly not considered at the time the Court calculated the attorney fees.
In support of this Motion, the plaintiff states:
1. This concerns the "Revised Judgment After Hearing" dated December 28, 2000 by Judge John Reynolds and a possible mistake in the Court not correctly calculating the Attorney's fees it awarded.
2. In arriving at the award of Attorney's Fees, the court did not consider the plaintiff's Exhibit F submitted at the Hearing in Damages trial held on October 12, 2000. Exhibit F (copy attached) was dated October 11, 2000 and represented the legal work through October 12, 2000 and superceded the previous one submitted back at the May 9, 2000 Hearing CT Page 1830-bo in Damages.
3. In its judgment, the court awarded Attorney's fees of $3,808.75 which was the figure as seen in plaintiff's affidavit dated May 9, 2000 which as stated above was superceded by the updated Affidavit dated October 11, 2000. The Court should have awarded the figure in Exhibit "F" or $9,585.
4. In its judgment, the court correctly awarded added Attorney's fees of $1,468.75 which was the figure as seen in plaintiff's affidavit dated December 5, 2000 at the Hearing in Damages on that date and represented time spent from October 12, 2000 to November 29, 2000;
5. The total award of Attorney's fees in this case should be the $9,585 as seen in plaintiff's Exhibit "F", plus the added fees of $1,468.75 for a total of $11,053.75.
6. The Final Total of the judgment with this requested correction should be $33,929.68
PLAINTIFF,
Robert Shluger Its Attorney
 ORDER
The foregoing motion, having come before this Court, it is hereby ORDERED:
BY THE COURT
Reynolds, J.T.R.
 CERTIFICATION
Service certified to all counsel of record on this the 5th day of January, 2001 and in particular to:
Michael Boynton, Esq. 63 Cherry Street Milford, CT 06460
Robert Shluger CT Page 1830-bp Plaintiff's Attorney
DN. CV 00-0435199-S SUPERIOR COURT EPSTEIN BROTHERS CARPET, INC. J.D. OF NEW HAVEN v. AT NEW HAVEN GULF INSURANCE COMPANY OCTOBER 11, 2000 and NORTHCOAST, LLC
 AFFIDAVIT IN SUPPORT OF ATTORNEYS FEES
In support of an award of attorneys fees for the plaintiff pursuant to C.G.S. Sec. 49-41 a(b) and Sec. 49-42 (a), the undersigned plaintiff's counsel hereby states that he performed the following legal work in pursuance of collecting on the debt due the plaintiff from the defendants:
1. Legal work to collect the amount due and owing from the defendant Northcoast, LLC. commenced on December 18, 1998. However, legal work leading up to the direct involvement of the defendant Gulf Insurance Company commenced March 5, 1999. Notice of claim on said Bond was given to Gulf Insurance Company on June 17, 1999.
2. The number of hours of legal work leading up to the direct involvement related to this suit on the Labor and Materials Bond up to and including preparation for the Hearing in Damages on May 9, 2000 was 44.75 hours. Such work included information gathering, consultations with plaintiff, negotiations by phone and letter with defendants' counsel, notices, letters and phone calls with the defendant Gulf Insurance Co. and to its agent COP, Inc. In addition, the number of hours of legal work to attend the Hearing in Damages on May 9, 2000 was 2.5 hours.
3. The number of hours of legal work spent after May 9, 2000 in an effort to collect the judgment against the defendants was 10.63 hours. Such work included: written demands for payment upon the defendants; calls with Corporation Counsel regarding the performance and payment bond; calls and letters to Insurance Department re defendant not paying judgment; obtaining of Property Execution; calls with Sheriff to serve and collect on Execution; letters defendants' attorney re not receiving their motions, calendar markings; preparation of Objection; status with clients;
4. The number of hours of legal work spent to attend the second Hearing in Damages on July 25, 2000 was 4.7 hours. CT Page 1830-bq
5. The number of hours of legal work spent after receiving notice from the court on June 21, 2000 that the defendants were seeking to reopen the judgment, including efforts to obtain defendants' post-judgment pleadings and to attend the hearing on defendants' Motion to Reopen on September 11, 2000 was 9.60 hours.
6. The number of hours of legal work spent to prepare for and to attend the Hearing in Damages on October 12, 2000 was anticipated to be 4.5hours.
7. The total hours of legal work as aforementioned is 76.68 hours. At the rate of $125.00/hr the total is $9.585.00.
Robert Shluger Comm. of Superior Court
 CERTIFICATION
Service certified by hand delivery to all counsel of record on this the 12th day of October, 2000 and in particular to:
Michael Boynton, Esq. 63 Cherry Street Milford, CT 06460
Robert Shluger Plaintiff's Attorney